678 P.2d 101

STATE of Idaho, Plaintiff-Respondent,

v.

Paul E. ADAMS, Defendant-Appellant.

No. 14874.

Court of Appeals of Idaho.

March 13, 1984.

Alan E. Trimming, Ada County Deputy Public Defender, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Upon a plea of guilty, Paul Adams was convicted of robbery. The district court sentenced him to the custody of the Board of Corrections for an indeterminate term not exceeding twenty years. The sole issue on appeal is whether the sentence was unduly harsh and therefore represented an abuse of sentencing discretion.

▪ Adams could have been sentenced to a maximum term of life imprisonment. I.C. § 18–6503. A sentence within the statutory maximum will not be disturbed unless a clear abuse of discretion is shown. A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982). The concept of reasonableness, as applied to sentence review, is explained in *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App. 1982):

[A] term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case. A sentence of confinement longer than necessary for these purposes is unreasonable.

Such determinations cannot be made with precision. In deference to the discretionary authority vested in Idaho's trial courts, we will not substitute our view for that of a sentencing judge where reasonable minds might differ. An appellant must show that, under any rea-

sonable view of the facts, his sentence was excessive in light of the foregoing criteria.

 Absent a contrary statute or other indication in the record, we will treat one-third of an indeterminate sentence as the measure of confinement. *State v. Toohill, supra.* Idaho Code § 20–223, which would allow Adams to be considered for parole in five years, is not a "contrary" statute in the sense denoted by *Toohill.* *See State v. Jenkins,* 105 Idaho 166, 667 P.2d 269 (Ct. App.1983). Thus, for the purpose of appellate review, but not as a prediction of parole, we will treat Adams' actual term of confinement in this case as one-third of his twenty-year sentence. Thus, the question is whether confinement for at least six years and eight months is reasonable.

 When weighing the facts of a given case, we conduct an independent examination of the record. We focus upon the nature of the offense and the character of the offender. *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982). Here, the facts surrounding the offense show that Adams and an armed accomplice robbed a Boise pharmacy, holding the female employees at gunpoint and taking both money and drugs. Prior to the crime, the two had left California and travelled through Oregon. Near Boise, they planned the crime and they began its execution by taking a hostage and using his vehicle. Following the robbery, Adams and his accomplice were apprehended in Wyoming where Adams had been involved in an altercation at a bar during which he fired a gun.

Concerning Adams' character, the presentence report noted a prior record of offenses in California. The record showed a felony conviction for possession of flammable substances with intent to burn property. Adams' record also contained numerous juvenile adjudications, including two counts of robbery, and several misdemeanors relating to controlled substances. While in custody of California authorities, Adams' behavior had been described as hostile and aggressive.

The district judge considered, as aggravating factors, Adams' prior record, which made it appear likely that his criminal conduct would be repeated, and the seriousness of the offense itself, which was life-threatening. In mitigation, the judge considered Adams' apparent willingness, after arrest, to accept the consequences of his acts. He also noted Adams' age of twenty-five years, and felt Adams could become a parole candidate. This factor persuaded the judge to impose an indeterminate sentence rather than a fixed sentence as recommended by the state.

 In our view, the judge gave sound reasons for his sentencing decision. The facts of this case reasonably can be viewed to indicate that confinement for at least six years and eight months would not exceed the period necessary to protect society from Adams' pattern of conduct nor to punish the instant crime. We conclude that sentencing discretion in this case was not abused. Accordingly, the sentence imposed by the district court is affirmed.