701 P.2d 263

**The STATE of Idaho, Plaintiff-Respondent,**

v.

**Kimberly Dawn KELLER, Defendant-Appellant.**

**No. 15207.**

Court of Appeals of Idaho.

May 22, 1985.

---

Randall D. Schulthies, Pocatello, for defendant-appellant.

Jim Jones, Atty. Gen., and Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

Before BAKES, Acting C.J., and BURNETT and TOWLES, Acting JJ., Special Panel.

TOWLES, Acting Judge.

Upon a plea of guilty, Kimberly Keller was convicted of the following crimes stemming from burglary activities: conspiracy to commit the crime of burglary in the second degree, I.C. §§ 18–1701 and 18–1401; burglary in the second degree, I.C. § 18–1401; preventing the attendance of a witness, I.C. § 18–2604; and burglary in the first degree, I.C. § 18–1401. The district court imposed a sentence consisting of an indeterminate term not to exceed five years upon conviction of the following crimes: preventing the attendance of a witness, burglary in the second degree, and conspiracy to commit burglary in the second degree. The sentences for each of these charges were to run concurrently. The district court also imposed an indeterminate term not to exceed 14 years for the conviction of burglary in the first degree. This sentence was to be served consecutive to the sentence on the foregoing three charges.

On motion of defendant under I.C.R. 35 for reconsideration, the district court modified the sentence for the first degree burglary charge by retaining jurisdiction pursuant to I.C. § 19–2601(4).

The only issues raised on appeal are: (1) whether the court abused its discretion in imposing the 14-year consecutive sentence; and (2) having retained jurisdiction on the 14-year sentence, whether the court abused its discretion by not also retaining jurisdiction on the five-year concurrent sentences.

 The indeterminate sentences imposed here were within the maximum terms authorized by the applicable stat-

utes. I.C. §§ 18–1403, 18–1701, and 18–2604. A sentence within the statutory maximum will not be disturbed unless a clear abuse of discretion is shown. *State v. Adams*, 106 Idaho 309, 678 P.2d 101 (Ct.App.1984); *State v. Wilson*, 100 Idaho 725, 604 P.2d 739 (1979). Moreover, it is a well-established rule in Idaho that the sentence to be imposed in a particular case is within the discretion of the trial court. *State v. Delin*, 102 Idaho 151, 627 P.2d 330 (1981). However, a sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *Adams, supra; State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982). The concept of reasonableness has been examined in *Adams, supra*, and in *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App.1982). In *Toohill, supra*, we noted that a sentence of confinement longer than necessary to achieve the primary objective of protecting society and the related goals of deterrence, rehabilitation or retribution is unreasonable. *Toohill, supra*, at 568, 650 P.2d at 710.

In the instant case, we note at the outset that the crime of first degree burglary is punishable by imprisonment of not more than 15 years. I.C. § 18–1403. The maximum is, therefore, a fixed 15 years. Ms. Keller received an indeterminate 14–year sentence, and under *Toohill, supra*, one-third of an indeterminate sentence is generally the measure of confinement. The question thus becomes, is a sentence of four years and eight months unreasonable for a conviction of first degree burglary?

We are not persuaded that the sentences imposed are unreasonable. Ms. Keller was party to a burglary where a large amount of money (over $20,000) was stolen from an aged, blind woman on two separate occasions. Moreover, Keller told others of the location of the easy money, which resulted in a further theft of over $22,000, some of which was given to Keller for repayment of a debt.

The defendant maintains that because the court retained jurisdiction on the first degree burglary charge, it was an abuse of discretion for the court to refuse to retain jurisdiction on the three other charges in the same case. The defendant urges that by retaining jurisdiction on the first degree burglary charge, the trial court implicitly found that probation was a viable alternative or possibility, and hence by refusing to retain jurisdiction on the three companion charges, the defendant is precluded from parole eligibility until those sentences are served. We are not persuaded by this argument.

At oral argument it was brought to this court's attention that the defendant had served 14 months on the concurrent five-year sentences and that the Board of Pardons and Parole had discharged her from further responsibility for those crimes. Defendant was then placed on probation by the district court on the first degree burglary charge and she is presently under probation supervision. Defendant has not asserted, and we have found no authority holding, that a district judge is precluded, as a matter of law, from retaining jurisdiction on a consecutive sentence. The question is thus narrowed to abuse of discretion, and we find no such abuse.

The sentences imposed by the district court are affirmed.

BAKES, Acting C.J., and BURNETT, Acting J., concur.