706 P.2d 85

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Demetrio BELTRAN,
Defendant-Appellant.**

**No. 15844.**

Court of Appeals of Idaho.

Aug. 30, 1985.

Michael E. Powers, Twin Falls, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Demetrio Beltran pled guilty to voluntary manslaughter. The district court sentenced him to a determinate term of fifteen years in the custody of the Board of Correction. The sole issue on appeal is whether the maximum penalty of fifteen years was excessive and represents an abuse of

sentencing discretion by the district court. We affirm.

■ Our standards for sentence review are well-settled. The trial court possesses discretionary authority to determine an appropriate sentence. A sentence within the statutory maximum will not be disturbed on appeal unless a clear abuse of sentencing discretion is shown. *State v. Delin*, 102 Idaho 151, 627 P.2d 330 (1981); *State v. Adams*, 106 Idaho 309, 678 P.2d 101 (Ct.App.1984); *State v. Miller*, 105 Idaho 838, 673 P.2d 438 (Ct.App.1983). A sentence may represent an abuse of discretion if it is shown to be unreasonable when viewed in light of the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982). A sentence of imprisonment is reasonable, if it appears at the time of sentencing, that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982).

Beltran received the maximum term of confinement authorized by statute for voluntary manslaughter. I.C. § 18–4007. His fixed sentence must be served entirely in confinement and Beltran is not eligible for parole. However, the actual term of his confinement may be reduced to ten years for his good conduct while in custody. Idaho Code § 20–101A authorizes the reduction of sentences for good conduct as a matter of right to inmates who faithfully observe the rules of the correctional institution. *See State v. Miller*, 105 Idaho at 840, 673 P.2d at 440. As we have previously noted, for the purpose of appellate review the duration of confinement for a fixed sentence will be the term of the sentence less the good conduct reduction available as a matter of right under I.C. § 20–101A. *Id.; State v. Garza*, 109 Idaho 40, 704 P.2d 944 (Ct.App.1985). Thus, the question here is whether Beltran's confinement for at least ten years is reasonable.

■ When weighing the facts of a given case, we conduct an independent examination of the record. We focus upon the nature of the offense and the character of the offender. *State v. Adams*, 106 Idaho at 310, 678 P.2d at 102; *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982). In this case, the victim and Beltran were co-workers. Beltran confessed that he went to the victim's apartment at night, while intoxicated, to tell her to stop threatening him. The alleged threats directed against him were to prevent him from revealing what he contends was an illicit affair involving the victim. He also asserted that the victim had enlisted the aid of male co-workers to coerce his silence. Once in the apartment, the victim refused to talk with him and tried to leave the room. Beltran then shot her in the back of the left shoulder from a distance of three or four inches. The victim died four days later from the gunshot wound. According to Beltran, he had taken and carried his nephew's gun for protection after he had been allegedly threatened with a knife by the victim and had been threatened and harassed by friends of the victim.

Next considered is the character of the offender. At the time of the offense, Beltran was a twenty-six year old illegal alien from Mexico with a second grade education. He does not read, write, or speak English. Beltran fled the state after the shooting and eventually was arrested in Arizona some seven months later. Although he confessed to shooting the victim, he gave six different versions of the incident to the investigator. Beltran also admitted to usually becoming intoxicated twice a week. Intoxication weighed heavily in this case. Beltran had used a number of fictitious names, birth dates, and social security numbers. The use of several identities created some confusion concerning Beltran's prior criminal record, but it was concluded that he did not have any prior felony convictions. In fact, the district court postponed sentencing to allow time for a supplemental presentence report to be filed which eventually reflected Beltran's lack of felony convictions.

In passing sentence on Beltran, the district court remarked "that a lesser sentence would [depreciate] the seriousness of this crime, that imprisonment will provide

**198**

proper punishment, and that a lengthy determinate sentence will provide the appropriate deterrent for other persons in the community." These remarks largely track the language of I.C. § 19–2521, which governs the choice between probation and confinement; nevertheless, they help to explain the judge's decision concerning the length of sentence imposed. The court further found the alleged threats to be "totally inadequate" provocation for intentionally taking another person's life. The court's comments reflect an appropriate concern about both the offense and the offender. From the court's comments, it is clear that the judge considered the sentencing objectives of deterrence and retribution.

Based on our examination of the above-mentioned criteria, we hold that the district court did not abuse its sentencing discretion. The determinate sentence of fifteen years in this case is reasonable. Accordingly, the sentence imposed by the judgment of conviction is affirmed.