Randy J. Stoker, Twin Falls, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., for plaintiff-respondent.

708 P.2d 940

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Danny L. THIEMANN, Defendant-Appellant.**

**No. 15527.**

Court of Appeals of Idaho.

Nov. 4, 1985.

PER CURIAM.

Danny Lynn Thiemann pled guilty to aggravated battery. The district court sentenced him to a determinate term of fifteen years in the custody of the Board of Correction with credit for 524 days for time spent in jail prior to the sentencing date. The sole issue on appeal is whether the maximum penalty of fifteen years was excessive and represents an abuse of sentencing discretion by the district court. We affirm.

Our standards for sentence review are well-settled. The trial court possesses discretionary authority to determine an appropriate sentence. A sentence within the statutory maximum will not be disturbed on appeal unless a clear abuse of sentencing discretion is shown. *State v. Delin,* 102 Idaho 151, 627 P.2d 330 (1981); *State v. Adams,* 106 Idaho 309, 678 P.2d 101 (Ct. App.1984); *State v. Miller,* 105 Idaho 838, 673 P.2d 438 (Ct.App.1983). A sentence may represent an abuse of discretion if it is shown to be unreasonable when viewed in light of the facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). A sentence of imprisonment is reasonable, if it appears at the time of sentencing, that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982).

█ Thiemann received the maximum term of confinement authorized by the statute for aggravated battery. I.C. § 18–908.

His fixed sentence must be served entirely in confinement and Thiemann is not eligible for parole. However, the actual term of his confinement may be reduced to ten years for his good conduct while in custody. I.C. § 20–101A authorizes reduction of sentences for good conduct as a matter of right to inmates who faithfully observe the rules of the correctional institution. *See State v. Miller*, 105 Idaho at 840, 673 P.2d at 440. As we have previously noted, for the purpose of appellate review the duration of confinement for a fixed sentence will be the term of the sentence less the good conduct reduction available as a matter of right under I.C. § 20–101A. *Id; State v. Garza*, 109 Idaho 40, 704 P.2d 944 (Ct.App.1985). Thus, the question here is whether Thiemann's confinement for at least ten years is reasonable.

When weighing the facts of a given case, we conduct an independent examination of the record. We focus upon the nature of the offense and the character of the offender. *State v. Adams*, 106 Idaho at 310, 678 P.2d at 102; *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982). In this case, Thiemann attacked a woman at a ladies' rest room in a roadside rest area. She was unacquainted with him. The victim's account indicated that she was first beaten with a wrench or other metal object, raped, and then choked by her assailant. The sheriff who investigated the attack noted that the victim was badly beaten, required hospitalization, and that blood was smeared all over the ladies' rest room where the attack occurred. Based on the victim's description and later identification of a picture of Thiemann, he was arrested and charged with rape and with assault with intent to commit murder. Although Thiemann initially denied knowledge of the attack, he eventually pled guilty to a charge of aggravated battery, pursuant to plea negotiations.

Next considered is the character of the defendant. At the time of the attack, Thiemann was thirty-three years old and married. He had a ninth grade education. Information obtained from his wife indicated that just prior to the attack she and Thiemann had had a marital argument, and that he had abandoned her and their five children at the rest area where the attack occurred. Thiemann's employment record was shown to be unstable and characterized by short-term periods of employment. Thiemann also was noted to have a drug and alcohol problem and, in fact, had admitted to drinking eighteen cans of beer just prior to the attack. Thiemann's prior criminal record consisted of two charges as a juvenile—indecent exposure and attempted rape—and several misdemeanor convictions as an adult, including vagrancy, disorderly conduct and carrying a dangerous weapon.

In passing sentence on Thiemann, the district judge indicated that he was required to consider several criteria. The judge pointed out that the crime committed by Thiemann was "the most serious one" imaginable for an aggravated battery, and that Thiemann had used a weapon in the commission of the crime. The judge noted that the sentence imposed would have to be severe enough to act as a deterrent to others. The abnormally high likelihood of repetitive conduct, given Thiemann's background and prior criminal record, was another factor noted by the judge for imposing the sentence. Finally, although acknowledging that Thiemann needed help, the judge found that society needed help and protection from Thiemann. The record clearly shows that the judge considered both the offense and the offender, as well as the sentencing objectives of deterrence and retribution. Based on our examination of the above-mentioned criteria, we hold that the district court did not abuse its sentencing discretion. The determinate sentence of fifteen years in this case is reasonable. Accordingly, the sentence imposed by the judgment of conviction is affirmed.