714 P.2d 69

**STATE of Idaho, Plaintiff-Respondent,**

**v.**

**Daniel E. DESJARLAIS,**
**Defendant-Appellant.**

**No. 15845.**

Court of Appeals of Idaho.

Jan. 29, 1986.

John Patrick Luster, Coeur d'Alene, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., A. René Fitzpatrick, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

Daniel E. Desjarlais pled guilty to a charge of lewd conduct with a minor under the age of sixteen years. The district court sentenced Desjarlais to an indeterminate term of fifteen years in the custody of the Board of Correction. The court also ordered that Desjarlais's treatment with prescription medicines be continued under the direction of the board of correction. On appeal, Desjarlais challenges his sentence in two respects. First, he contends it was inappropriate to sentence him to the custody of the board of correction. Second, he asserts the court abused its sentencing discretion by imposing an unduly harsh sentence in light of Desjarlais's lack of criminal sophistication and in light of Desjarlais's mental condition. We affirm.

Desjarlais pled guilty to sodomizing the two-year old son of the woman with whom Desjarlais was living. Although Desjarlais was charged with only a single count, the record indicates that the victim had been violated on more than one occasion. At sentencing, the judge acknowledged that although Desjarlais was mentally ill, appropriate treatment facilities for his particular problem were not available in Idaho. The judge indicated that he had only two sentencing options—to commit Desjarlais to prison or to place Desjarlais on some type of probation program. The judge found that probation was not appropriate, considering the nature of the case and the defendant's condition. The judge therefore sentenced Desjarlais to a fifteen-year indeterminate sentence in the state penitentiary. The judge also ordered that Desjarlais continue to receive medication to treat his psychotic condition.

I

■ On appeal, Desjarlais first asserts that he should have been placed in the custody of the Department of Health and Welfare for admittance to facilities at State Hospital South, in Blackfoot, Idaho. However, the sentencing judge correctly noted that he did not have the authority to place Desjarlais in the custody of the Department of Health and Welfare.[1] I.C. § 18-207(b) provides in part:

If ... the court finds that one convicted of crime suffers from any mental condition requiring treatment, such person shall be committed to the board of correction or such city or county official as provided by law for placement in an appropriate facility for treatment, having regard for such conditions of security as the case may require. In the event a sentence of incarceration has been imposed, the defendant shall receive treatment in a facility which provides for incarceration or less restrictive confinement. In the event that a course of treatment thus commenced shall be concluded prior to the expiration of the sentence imposed, the offender shall remain liable for the remainder of such sentence, but shall have credit for time incarcerated for treatment.

Thus, the judge could select either a probation program or a sentence of incarceration. According to the statute, Desjarlais had to be committed to the custody of the "board of correction or such city or county official as provided by law." Because custody in the Department of Health and Welfare was not an option, the judge did not

---

1. Under an earlier statute, I.C. § 18-214, the judge could have committed the defendant to the custody of the Department of Health and Welfare. However, this provision was repealed in 1982, prior to the filing of the charge against

err in sentencing Desjarlais to the custody of the board of correction.[2]

## II

With regard to the length of Desjarlais's sentence we will not disturb a sentence imposed within the statutory maximum, unless it is demonstrated on appeal that the trial court abused its sentencing discretion. *State v. Delin*, 102 Idaho 151, 627 P.2d 330 (1981); *State v. Adams*, 106 Idaho 309, 678 P.2d 101 (Ct.App.1984); *State v. Miller*, 105 Idaho 838, 673 P.2d 438 (Ct.App.1983). A sentence may represent an abuse of discretion if it is shown to be unreasonable when viewed in light of the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982). We focus on the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982).

Here Desjarlais could have been sentenced to a life term. I.C. § 18–6607. Thus, Desjarlais's sentence was well within the statutory maximum. The judge, at sentencing, noted that this was an aggravated situation that caused an "extreme amount of pain and suffering to the individuals ... connected directly with it."

In reviewing the character of the offender, we also confront Desjarlais's question regarding the appropriateness of the sentence. Desjarlais was a twenty-five year old ex-serviceman. His prior criminal record consisted of one burglary conviction. He had never been charged with any sex crimes nor had he served time in jail on any prior offense. His presentence report did indicate past problems with alcohol and drugs, although there was conflicting evidence as to the existence of these problems at the time of the incident with the child.

However, it is unrefuted that Desjarlais had serious mental problems. A psychologist who had examined Desjarlais testified that Desjarlais was psychotic and in need of treatment for his mental illness. The psychologist had examined Desjarlais initially when Desjarlais had attempted suicide while being held in jail on the present charge. During this episode, Desjarlais severely bit one of the several jail employees who were required to subdue him. The psychologist also examined Desjarlais prior to sentencing and found him to be suffering from several mental disorders and in need of treatment for paranoia. The doctor recommended that Desjarlais be kept on medication to control his psychosis and be treated under an in-patient program for sexual offenders.

The judge acknowledged these recommendations but found that there was no in-patient program for convicted sexual offenders available in Idaho. The judge also indicated that under prior law (see footnote 1 *supra*) he could have committed Desjarlais to the custody of the Department of Health and Welfare, but that this was no longer an option. Faced with sentencing an admittedly mentally ill defendant, the judge applied the criteria provided by I.C. § 19–2523 for situations where the mental condition of a defendant is a significant factor in sentencing. The judge also specifically made the findings required by § 19–2523(2) that allowed him to authorize continued medical treatment for Desjarlais. In his findings, the judge stated that Desjarlais suffered from

> a severe and reliably diagnosable mental illness or defect resulting in a diminished capacity to appreciate the wrongfulness of his conduct and to conform the wrongfulness of his conduct to the law. I also find that without treatment, it will result in serious mental or physical deterioration of the Defendant, including but not limited to potential suicide.

The judge openly expressed his frustration at the sentencing options available to him, but felt that he had no choice except

---

Desjarlais. *See* 1982 Idaho Sess.Laws, ch. 368, § 1.

**2.** The judge possibly could have imposed an indeterminate fifteen-year sentence and suspended it on the condition that the defendant admit himself to State Hospital South for treat-

ment. The record does not indicate whether such an arrangement was even available. Following this appeal, the possibility of such an arrangement may be explored upon a motion under I.C.R. 35 to modify Desjarlais's sentence.

to impose a prison sentence or to grant probation. With these options, the judge imposed a fifteen-year indeterminate sentence in the custody of the board of correction. The district judge specifically chose a fifteen-year indeterminate sentence because the psychologist who examined Desjarlais recommended treatment for three to five years. Thus, under the judge's sentence, Desjarlais would be in custody for a minimum of five years. I.C. § 20–223. The judge also ordered that Desjarlais continue to receive medical treatment under the guidance of the board. The judge noted at the sentencing hearing that he had done a "lot of thinking and talking to people ... trying to find out exactly what [options] might be available."

■ From our review of the record, it is apparent that the judge did consider the objectives of sentencing. Not only did he consider the protection of society, but it is clear that the judge was concerned with the rehabilitative needs of the defendant. Rather than any abuse of sentencing discretion, the record shows that the judge responded to the situation with a sense of reason and humaneness. Having reviewed the full record and having considered the sentence review criteria set forth in *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982), we conclude that the district court did not abuse its discretion.

The sentence is affirmed.

BURNETT and SWANSTROM, JJ., concur.