715 P.2d 1004

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Duane JENNINGS, Defendant-Appellant.**

**No. 16049.**

Court of Appeals of Idaho.

Feb. 24, 1986.

Charles B. Lempesis, Kootenai County Public Defender, Anthony M. Sanchez, Deputy Public Defender, Post Falls, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Duane Jennings was convicted of second degree burglary and sentenced to an indeterminate term of five years in the custody of the Board of Correction. The sole issue on appeal is whether the sentence was excessive and represents an abuse of sentencing discretion by the district court. We affirm.

Our standards for sentence review are well-settled. The trial court possesses discretionary authority to determine an appropriate sentence. A sentence within the statutory maximum will not be disturbed on appeal unless a clear abuse of sentencing discretion is shown. *State v. Delin,* 102 Idaho 151, 627 P.2d 330 (1981); *State v. Beltran,* 109 Idaho 196, 706 P.2d 85 (Ct. App.1985). A sentence may represent an

abuse of discretion if it is shown to be unreasonable when viewed in light of the facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). A sentence of imprisonment is reasonable, if it appears at the time of sentencing, that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App. 1982).

Jennings received the maximum indeterminate term of confinement for second degree (daytime) burglary. I.C. § 18-1403. Absent other indications in the record, we consider one-third of an indeterminate sentence as the measure of confinement. *State v. Jenkins,* 105 Idaho 166, 667 P.2d 269 (Ct.App.1983); *State v. Toohill, supra.* For purposes of review, we will view Jennings' term of confinement as twenty months. Therefore the question is whether confinement for this period is reasonable.

When weighing the facts of a given case, we conduct an independent examination of the record. We focus upon the nature of the offense and the character of the offender. *State v. Beltran,* 109 Idaho at 197, 706 P.2d at 86; *State v. Adams,* 106 Idaho 309, 678 P.2d 101 (Ct.App.1984). In this case, a homeowner identified Jennings as the individual she observed leaving her home and fleeing into an adjacent wooded area. The sheriff's deputies found the homeowner's property in Jennings' truck which was parked near the wooded area.

The judge noted in passing sentence that Jennings' criminal record—at twenty-two years of age—was "probably one of the worst ones I have seen in quite a while." The presentence report indicated that Jennings had committed a number of offenses as a juvenile which would have been felonies had he been an adult. Before his present conviction, Jennings had been incarcerated in the North Idaho Correctional Institution (NICI) for evaluation following a conviction for grand theft. While at NICI, Jennings allegedly committed a burglary. As a result, he was sent to the main correctional institution at Boise to serve the remainder of his grand theft sentence. His arrest for the present burglary was only one and one-half months after he was paroled from the Boise institution.

Although the court acknowledged that Jennings' criminal record did not reflect a propensity for violence, the court noted that past brushes with the judicial system had produced no improvement in his criminal conduct. The court concluded that society must be protected from Jennings and that he and others, hopefully, would be deterred by the instant sentence from engaging in this type of criminal activity in the future. The court's comments reflect an appropriate concern for both the offender and the sentencing objectives outlined in *Toohill.*

We find nothing in the record to suggest any abuse of discretion by the court. The indeterminate sentence of five years is not excessive. Accordingly, the sentence imposed by the judgment of conviction is affirmed.