718 P.2d 1266

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Edward G. VIRGO, Defendant-Appellant.**

No. 16182.

Court of Appeals of Idaho.

May 2, 1986.

Daniel J. McGee, Wallace, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., A. René Fitzpatrick, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Pursuant to a plea bargain and sentence recommendation agreement, Edward Virgo pled guilty to grand theft. The district court sentenced him to an indeterminate period not to exceed ten years in the custody of the Board of Correction. The sole issue on appeal is whether the sentence was excessive and represents an abuse of discretion. We affirm.

The standards for sentence review are well-settled and need not be repeated here. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982); *State v. Beltran,* 109 Idaho 196, 706 P.2d 85 (Ct.App.1985); *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). Virgo was charged with first degree burglary and grand theft at an elderly couple's residence in Wallace, Idaho. The prosecu-

tor noted that the theft resulted in the loss of substantally all of the couple's life savings. In exchange for Virgo's guilty plea to grand theft, the state agreed to dismiss the burglary charge, to recommend a ten-year indeterminate sentence for the theft offense, and not to charge Virgo as a persistent violator. Although Virgo's counsel agreed to the sentence recommendation, he also argued that the sentence should be suspended except for "an appropriate period of County Jail time." Virgo's counsel maintained that a suspended sentence would permit Virgo to make restitution to the victims. The district court followed the sentencing recommendation but did not suspend any part of the sentence. Virgo could have been sentenced to a maximum term of fourteen years for the grand theft. I.C. § 18–2408(2)(a).

Virgo contends that the sentence is unduly harsh because it subjects him, at forty years of age, to his first imprisonment in a penitentiary. The presentence report shows Virgo has two prior felony convictions for burglary and numerous misdemeanor offenses. At the time of the present offense, Virgo was on probation for first degree burglary. In passing sentence, the court observed that society needed to be protected from Virgo because he had committed the present offense while on probation. The court concluded there was an "undue risk" that Virgo would commit another crime during any period of suspended sentence or probation. The court determined that Virgo was in need of correctional treatment that can best be given him at an institution. In settling on the ten-year indeterminate sentence, the court concluded that: "A lesser sentence would depreciate the seriousness of his crime."

For the purpose of appellate review, the duration of confinement under an indeterminate ten-year sentence is deemed to be three and one-third years. *State v. Toohill, supra.* Having reviewed the full record and having considered the sentence review criteria set forth in *Toohill,* we hold

that the district court did not abuse its sentencing discretion. The ten-year indeterminate sentence for grand theft is affirmed.