718 P.2d 1284

STATE of Idaho, Plaintiff-Respondent,

v.

Robert I. HENDRICKS, Defendant-Appellant.

No. 15896.

Court of Appeals of Idaho.

May 8, 1986.

Petition for Review Denied July 24, 1986.

Charles B. Lempesis, Kootenai Co. Public Defender, Anthony M. Sanchez, Deputy Public Defender, Post Falls, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., A. René Fitzpatrick, Deputy Atty. Gen., for plaintiff-respondent.

PER CURIAM.

Robert Hendricks was found guilty of rape and an infamous crime against nature. He was sentenced to the custody of the Board of Correction for indeterminate, concurrent periods not to exceed fifteen years for rape and five years for the infamous crime against nature. The sole issue on appeal is whether the sentences are unduly harsh and represent an abuse of sentencing discretion.

■ Hendricks could have been sentenced to a term of life imprisonment for the rape. I.C. § 18–6104. For the infamous crime against nature, his five-year term coincided with the period characterized as a "minimum" by I.C. § 18–6605.[1] A sentence within the statutory maximum will not be disturbed unless a clear abuse of sentencing discretion is shown. *State v. Delin,* 102 Idaho 151, 627 P.2d 330 (1981); *State v. Adams,* 106 Idaho 309, 678 P.2d 101 (Ct.App.1984). The sentence may represent an abuse of discretion if it is shown to be unreasonable when viewed in light of the facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). A sentence is reasonable if it appears at the time of

sentencing that it is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). For purposes of our review, and not as a prediction of parole, we deem one-third of an indeterminate sentence to be the measure of confinement. Thus, the question is whether imprisonment for five years is reasonable in this case. *State v. Adams, supra; State v. Toohill, supra.*

■ A jury found Hendricks guilty upon the victim's testimony that he had committed a forcible rape, followed by oral penetration, all accompanied by threats of harm to the victim if she resisted. At the sentencing hearing, the court considered the offender, the offense and the best interests of society. The court recognized the positive qualities of the offender, but felt that they were outweighed by the retribution and general deterrence objectives of sentencing. The judge agreed with the presentence investigator that incarceration was necessary and declined to retain jurisdiction as requested. This threshold decision is not challenged. We agree that incarceration is proper in this case.

Hendricks contends that the court failed to consider the potential for rehabilitation when fashioning the sentence. The presentence report revealed that Hendricks, age 24, had no significant prior criminal record and was active in high school sports and student organizations. However, the presentence report nonetheless recommended incarceration. Hendricks argues that the length of his sentence will likely be counterproductive to the goal of rehabilitation.

In sex crime sentencing, once alternatives to incarceration have been rejected, the role of rehabilitation as a sentencing

---

1. The maximum period for a sentence on this crime is not specified by statute, but evidently is left to the discretion of the sentencing court.

*State v. Carringer,* 95 Idaho 929, 523 P.2d 532 (1974).

objective is diminished. Our prison system presently has no facilities available for the specialized treatment of sex offenders. Any rehabilitative potential is considered primarily in determining the length of the sentence and the availability of parole. The court in this case made the sentences indeterminate and concurrent. Hendricks will be eligible for parole in five years. We believe that the structure of the sentences adequately addresses the rehabilitation concern. We acknowledge that when the lack of any prior record and the generally good character of the offender are considered, the sentences imposed here might be viewed as unusually strict. However,

[sentencing] determinations cannot be made with precision. In deference to the discretionary authority vested in Idaho's trial courts, we will not substitute our view for that of a sentencing judge where reasonable minds might differ. An appellant must show that, under any reasonable view of the facts, his sentence was excessive in light of the [sentencing] criteria.

*State v. Toohill,* 103 Idaho at 568, 650 P.2d at 710. From our review of the record, we cannot conclude that the district court abused its discretion. Accordingly, we affirm the sentences.