729 P.2d 443

**STATE of Idaho, Plaintiff-Respondent,**

v.

**James John REINKE,
Defendant-Appellant.**

**No. 16382.**

Court of Appeals of Idaho.

Dec. 9, 1986.

Gregory FitzMaurice, Idaho County Public Defender, Grangeville, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., David R. Minert, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

James Reinke pled guilty to two counts of first degree burglary and to a charge of aggravated battery. He received a ten-year indeterminate sentence for one of the burglaries, a concurrent ten-year fixed sentence for the battery, and a ten-year indeterminate sentence for the other burglary. The latter sentence was ordered to be served consecutively to the other two sentences. Reinke appeals, contending that the trial court abused its sentencing discretion by not imposing indeterminate sentences on each of these convictions and by not ordering that all three sentences be served concurrently. Because we find no abuse of discretion, we affirm the judgments.

Reinke could have received a fifteen year sentence on each of the charges to which he pled guilty. I.C. § 18–1403 (first degree burglary); I.C. § 18–908 (aggravated battery). By statute, the decision to impose a fixed sentence, as an alternative to an indeterminate sentence, is within the discretionary authority of the sentencing court. I.C. § 19–2513A; *State v. Rawson*, 100 Idaho 308, 597 P.2d 31 (1979). Likewise, the decision to impose consecutive rather than concurrent sentences is within the sentencing court's discretion. I.C. § 18–308; *State v. Dunnagan*, 101 Idaho 125, 609 P.2d 657 (1980).

Our standard for review of sentences is well established. Sentences within statutory limits will not be disturbed unless a clear abuse of discretion is shown. A sentence may represent such an abuse if it is unreasonable upon the facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). The concept of reasonableness, as applied to sentence review, is explained in *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982):

> [A] term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case. A sentence of confinement longer than necessary for these purposes is unreasonable. Such determinations cannot be made with precision. In deference to the discretionary authority vested in Idaho's trial courts, we will not substitute our view for that of a sentencing judge where reasonable minds might differ. An appellant must show that, under any reasonable view of the facts, his sentence was excessive in light of the foregoing criteria.

A fixed sentence must be served entirely in confinement, without parole, but with credit allowed for good conduct under I.C. § 20–101A. *State v. Rawson, supra.* For the purpose of sentence review, and not as a prediction of good time, we deem the duration of confinement imposed by a fixed sentence to be its facial term less the statutory credit available as a matter of right. *State v. Miller,* 105 Idaho 838, 673 P.2d 438 (Ct.App.1985). The fixed sentence in this case is viewed as requiring confinement for ten years less a potential credit of 1200 days, yielding a net period of incarceration of approximately six years and nine months.

In contrast to a fixed sentence, an indeterminate sentence allows parole. For the purpose of sentence review, but not as a prediction of actual release on parole, we deem the duration of confinement imposed by an indeterminate sentence to be one-third of its facial length, absent a contrary statute or indication in the record. *State v. Toohill, supra.* There is no contrary statute or indication here. *See State v. Jenkins,* 105 Idaho 166, 667 P.2d 269 (Ct.App. 1983) (holding I.C. § 20–223 not to be a contrary statute). Accordingly, the indeterminate sentences for burglary in this case are treated as requiring confinement for one-third of ten years, or forty months on each of those sentences.

Because one of the burglary sentences was ordered to be served consecutive to the fixed term imposed for aggravated battery, the aggregate term of confinement imposed by both of those sentences together is deemed to be approximately 120 months, or ten years. Consequently, the question before us is whether, under any reasonable view of the facts, confinement of such duration is reasonable in Reinke's case.

When weighing the facts of any given case, we conduct an independent examination of the record. We focus upon the nature of the offense and upon the character of the offender. *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982).

The burglaries to which Reinke pled guilty were committed in July and November of 1984. These burglaries were part of a series of burglaries and thefts committed during that year by Reinke and his brother-in-law, Danny Martin, in Idaho and in Montana. After the pair was apprehended in Montana, in 1985, Reinke admitted his complicity in the Idaho burglaries and these charges were filed. Reinke cooperated with the Montana authorities, agreeing to testify against Martin in respect to crimes in Montana. Reinke pled guilty to several felonies and received suspended prison sentences in Montana. He was returned to Idaho to face the instant charges.

The July burglary occurred after midnight at a private residence in the country, ten miles from Kooskia, Idaho. Reinke and Martin entered the residence, which they believed to be unoccupied, by breaking through a sliding glass door. The owner of the residence, an elderly woman, was in her

bedroom. When she realized there were intruders in her house she locked her bedroom door. Through the closed door, she told the intruders to leave and threatened to call the police. The intruders laughed; later she discovered that her telephone line had been cut. The intruders shot holes in the closed bedroom door but did not open it. The victim told the intruders that she had a loaded gun with her. At one point, according to the victim, one of the intruders "said they were going to break the door down and they were going to rape me, and they said 'We're going to tear you apart.'" The intruders ransacked the house, looking for money, jewelry and silverware. When they left, they took the victim's automobile. It was found later in a totally wrecked condition. As a result of the incident, the victim sold her house and moved into an apartment in town. She stated she had trouble sleeping, could not live alone and was under a doctor's care for her nerves. Her total financial losses from the burglary were found by the trial court to be $5444.37.

The November burglary was accompanied by a battery. In November, 1984, Reinke and Martin entered a grocery store in early morning hours by breaking through a locked door. The break-in set off a burglar alarm. An employee of the store and her husband responded to the alarm. When they arrived at the store to investigate, they discovered two intruders, later identified as Martin and Reinke. Martin and the husband began fighting. Reinke hit the husband several times on the back of the head with the blunt side of a hatchet the intruders had used to enter the store. The husband was knocked unconscious and Martin and Reinke got away.

The victim of this battery spent several weeks in the hospital while undergoing surgery to reconstruct his skull. He was unable to return to his employment for several months. As a result of the incident, he is permanently disfigured and suffers from impairment of his memory. The trial court found that the financial loss caused to these people from the battery exceeded $20,000.

As to Reinke's character, he was nineteen years old at the time these crimes were committed. He was twenty years old when he was sentenced in this case. He has a limited education, not having completed the seventh grade. His employment record is poor, while his criminal record, especially in 1984 and 1985, is lengthy. He has a history of alcohol and substance abuse. The presentence investigator concluded that Reinke "demonstrates behavior that is a risk to society if he were to be released into the community."

In arriving at the sentences imposed in this case, the district judge considered the criteria of protection of society, deterrence of Reinke and of others, retribution and rehabilitation. The court considered Reinke's background and the nature of the crimes to which he had pled guilty. The court stated its reasons for choosing a fixed term sentence for the battery and for electing to impose a consecutive sentence for one of the burglaries. In respect to the fixed sentence for the battery, the court commented:

> Of those things that I have considered, certainly the protection of society is paramount in my consideration for sentencing in this matter. The public has a legitimate interest in retribution for the crime of violence, specifically, that you committed on [the battery victim]. You disfigured him, you smashed his skull in, you could have just as easily killed him, and it's fortunate that he is alive today. You've impacted his life. He has trouble thinking, they have trouble sleeping, they are afraid because of you. Their lives are different because of you. It's necessary that I convey a clear message to you, Mr. Reinke, and to everyone else out there that the use of deadly force or a deadly weapon is condemned by society and certainly it will be firmly punished. Now, I want that message conveyed not only because I believe it, but also because public interest demands that the criminal justice system conveys that message and conveys it clearly.

In respect to the consecutive sentence for burglary, the court stated:

> With reference to the next case ... we have a situation where you preyed upon the individual who was not able to protect herself against you and your accomplice or associate or friend or all three. He harrassed her for an extremely long period of time. The house was ransacked by you and your associate. You impacted her life, you took her off the Middle Fork and moved her into an apartment. Perhaps that's one of the most cruel things this burglary for dollars resulted in. She can't sleep at night, she is on medication, you have hurt her and that hurt will stay with her, perhaps, forever, because you don't want to work, because you want to steal from people and because you don't care about people. That is Mr. Reinke. And that type of person needs to be put away, that type of person is going to hurt other types of good people in this community, and your actions have to be punished.

In our view, the district judge gave sound reasons for the sentences imposed in this case. The sentences are not excessive in relation to the facts. Accordingly, we conclude that the district judge did not abuse his discretion. The sentences are affirmed.

BURNETT, J., and McFADDEN, J. Pro Tem., concur.