739 P.2d 429

STATE of Idaho, Plaintiff-Respondent,

v.

Joe SANTOS, a/k/a Jose Hernandez, Defendant-Appellant.

No. 16521.

Court of Appeals of Idaho.

June 22, 1987.

Van G. Bishop, Nampa, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., David R. Minert, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Joe Santos, also known as Jose Hernandez, was given a fixed ten-year prison sentence after pleading guilty to first degree burglary. He raises two issues on appeal: (1) Should the district judge have given him the opportunity to withdraw his guilty plea

before us, the pragmatic approach set forth above may be employed.

after the judge determined that the sentencing recommendation by the state would not be followed? (2) Was the sentence overly harsh, representing an abuse of discretion? We affirm.

On the evening of February 24, 1986, Nampa police were dispatched to Lloyd's Lumber Company in response to a silent alarm. A suspect ran from the building and hid behind some pallets. He was arrested and identified as Santos. On the day of trial Santos pled guilty to first degree burglary. At the sentencing hearing the state recommended a twelve-year indeterminate sentence. The district judge questioned Santos about the incident. Santos admitted to being within the lumber company's yard at the time of the burglary but he persisted in giving an unconvincing explanation for his presence. He denied that he had entered the building and denied that he was there to commit burglary. However, Santos never asked to withdraw his guilty plea. The prosecutor made a strong factual showing of the proof it could offer at trial to establish that Santos and at least one other person who escaped capture were in the process of burglarizing the building when police officers arrived at the scene. Unrefuted police reports attached to the presentence report added to the factual basis for the guilty plea. The court was obviously not satisfied with Santos' statements indicating a lack of veracity. The judge stated, "I'm going to take about a three- or four-minute recess. When I come back in here, I'd better hear the truth, because if I don't hear the truth, the recommendation which has been made by the state is going to be low." After a brief recess, Santos continued to deny complicity in the burglary. The judge was unconvinced and, true to his word, sentenced Santos to a fixed ten-year prison term.

■ Santos' appellate counsel argues that when the sentencing judge does not intend to follow a sentence recommendation developed through plea bargaining he should, in fairness, provide an opportunity to the defendant to withdraw his guilty plea. *See Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *People v. Wright,* 194 Colo. 448, 573 P.2d 551 (1978) (citing ABA STANDARDS FOR CRIMINAL JUSTICE, STANDARDS RELATING TO THE FUNCTION OF THE TRIAL JUDGE, Standard 4.1(c) (1972)). The facts of this case, however, do not fit the proposed rule. The court minutes from the proceeding wherein Santos pled guilty indicate that both Santos and his attorney informed the court that plea negotiations had occurred, "but that nothing had been agreed upon." At the time Santos entered his plea, the state had not represented to Santos that any particular sentence would be recommended. Therefore, Santos' request that the judge, on his own initiative, give him the opportunity to withdraw his plea before deviating from a plea bargain must fail because no such bargain has been shown to exist. Moreover, in *Almada v. State,* 108 Idaho 221, 697 P.2d 1235 (Ct.App.1985), we rejected a rule as broad as Santos advocates today. We held that if a defendant has been made fully aware that the judge is free to impose a sentence different from the state's recommendation, the pronouncement of such a differing sentence does not give rise to any automatic right to withdraw the plea. Our rulings in *Almada* and in this case are entirely consistent with the most recent ABA standards which differ substantially from the earlier standard relied upon by Santos. *See, e.g.,* III ABA STANDARDS FOR CRIMINAL JUSTICE (Second Addition), STANDARD 14–3.3 Responsibilities of the Judge and History of Standard at 14.76–89 (1980). As was the case in *Almada,* Santos did not move to withdraw his guilty plea after sentencing on grounds of manifest injustice. I.C.R. 33(c). We hold that Santos' first argument is without merit.

■ Santos next contends that his sentence is unduly harsh. Our standards for sentence review are well-settled. The sentencing court possesses discretionary authority to determine an appropriate sentence. This discretion includes the decision whether to impose a fixed sentence rather than an indeterminate sentence. *State v. Reinke,* 111 Idaho 968, 729 P.2d 443 (Ct. App.1986). A sentence within the statu-

tory maximum will not be disturbed on appeal unless an abuse of discretion is shown. *State v. Delin,* 102 Idaho 151, 627 P.2d 330 (1981); *State v. Beltran,* 109 Idaho 196, 706 P.2d 85 (Ct.App.1985). A sentence within the statutory maximum may represent an abuse of discretion if it is shown to be unreasonable when viewed in light of the facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982); *State v. Beltran, supra.* A sentence of imprisonment is reasonable if, at the time of sentencing, it appears that confinement is necessary to "accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App.1982). When reviewing a fixed sentence we treat the measure of confinement as the term imposed less statutory credit for good conduct allowed by I.C. § 20–101A.[1] *State v. Reinke, supra; State v. Beltran, supra.* Santos' fixed ten-year sentence can be reduced to approximately six years and eight months by operation of I.C. § 20–101A. Thus, the question on appeal is whether a sentence of approximately eighty months is reasonable.

The sentencing judge was somewhat terse in stating the reasons for the sentence imposed. We encourage a fuller statement. Nevertheless, our independent review of the record, with regard to the nature of the crime and the character of the defendant, convinces us that the sentence is reasonable. *State v. Beltran, supra.* Santos' prior record supports the judge's characterization of him as a professional criminal. His record contains numerous theft offenses, at least one of which was a felony. At the time of the present offense, Santos was on parole from Texas for that felony. The sentencing

court did indicate that a strict sentence was necessary for the crime that was committed and to deter others from lying to the court. It is obvious from a review of the brief sentencing transcript that the judge was annoyed by his belief that Santos was lying about his involvement in the crime. Equally obvious is that this perception influenced the judge's decision. The judge was entitled to believe, as he plainly did, that Santos' false statements revealed a disrespect for law and a problematic outlook for rehabilitation.[2] Santos' extensive record of brief incarcerations, probations and parole lends support to this view. None of his involvement with the penal system prior to this incident has served to alter his pattern of criminal conduct. We find no abuse of discretion in the sentence imposed and therefore affirm the judgment of the district court.

WALTERS, C.J., and BURNETT, J., concur.

---

1. The instant crime was committed prior to July 1, 1986. Therefore Santos is eligible for good conduct reduction of his sentence. *See* 1986 Idaho Sess. Laws, ch. 322, § 1, p. 789 (limiting application of I.C. § 20–101A to persons convicted of crimes committed prior to July 1, 1986).

2. Because Santos pled guilty to the offense charged, although denying certain acts in con-

nection with it, this is not a case where a judge has used a severe sentence to penalize a defendant for pleading not guilty and putting the state to its proof. Neither is it a case where a judge has used a severe sentence to coerce the defendant into sacrificing his right to maintain innocence on appeal.