767 P.2d 836

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Merritt Deloy SHAW, Defendant–Appellant.**

No. 17428.

Court of Appeals of Idaho.

Jan. 26, 1989.

Alan Trimming, Ada County Public Defender, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., Peter C. Erbland, Deputy Atty. Gen., for plaintiff-respondent.

PER CURIAM.

Upon a guilty plea, Merritt Shaw was convicted of lewd conduct with a minor. The district court sentenced Shaw to the custody of the Board of Correction for an indeterminate term of not more than seven years, at least two years of which must be spent in confinement. I.C. § 19–2513. Shaw argues that the judge abused his discretion by imposing a sentence which is unduly harsh.

Shaw could have been sentenced to a maximum term of life imprisonment. I.C. § 18–1508. We will not disturb a sentence within the statutory maximum unless it is a clear abuse of discretion. *State v. Adams,* 106 Idaho 309, 678 P.2d 101 (Ct.App.1984). We will find such an abuse if a sentence is unreasonable upon the facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). We explained the concept of reasonableness, as applied to sentence review, in *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). We need not restate the concept here.

When reaching our judgment as to the reasonableness of the imposed sentence, we independently review the record. *State v. Adams,* 106 Idaho at 310, 678 P.2d at 102. We focus upon the nature of the offense and the offender. *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982). Here, the facts show that Shaw used force and threats of violence to engage in lewd conduct with a minor. The minor was eleven years of age, the daughter of one of Shaw's friends.

Concerning Shaw's character, the record indicates that Shaw previously had been convicted of larceny and a misdemeanor

**462**

battery. At the sentencing hearing, his friends testified that he had been a hard worker and a family man. However, he admitted that he had been using drugs, including cocaine, in increasing amounts. The escalating drug abuse led to the breakup of his family and the loss of his home. Because Shaw did not provide us with a copy of his presentence report, we are unable to comment further upon his background. It is the appellant's burden to present an adequate record upon which to review the issues he raises.

The district judge considered a number of mitigating factors when imposing the sentence. The first was the testimony of Shaw's friends that he was a hardworking, caring man. Shaw's willingness to step forward and admit his guilt was also weighed as a factor in his favor. Finally, the judge noted that Shaw did not appear to have a background or general propensity for inappropriate sexual involvement with young girls.

However, the judge also considered aggravating factors. These included the physical force and threats Shaw used to commit the offense, the fact that Shaw engaged in intercourse with the child, the age of the child—facts that would have permitted the state to charge Shaw with forcible rape rather than lewd conduct with a minor. These aggravating factors led the judge to conclude the crime was one of violence and that both retribution and deterrence would best be served by Shaw's confinement for two to seven years.

In our view, the judge's reasoning was sound. We conclude that sentencing discretion in this case was not abused. Accordingly, the judgment imposing the sentence is affirmed.