769 P.2d 607

STATE of Idaho, Plaintiff–Respondent,

v.

Lowell Dusty BURNHAM,
Defendant–Appellant.

No. 17296.

Court of Appeals of Idaho.

March 3, 1989.

Petition for Review Denied May 18, 1989.

William V. Brown, Deputy Public Defender, of Coeur d'Alene, for defendant-appellant.

Jim Jones, Atty. Gen. by Peter C. Erbland, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Lowell Dusty Burnham appeals from a judgment of conviction for rape, kidnapping, infamous crime against nature, and assault. He argues that the jury's verdict was not supported by the evidence and that the sentences imposed were excessive. We affirm the judgment of conviction, including the sentences.

■ We first consider the sufficiency of the evidence. Our review on this issue is limited in scope. We will not set aside a jury verdict if there is substantial evidence upon which any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Filson,* 101 Idaho 381, 386, 613 P.2d 938, 943 (1980). Nor will we substitute "our judgment for that of the jury as to the credibility of witnesses, the weight of the testimony, and the reasonable inferences to be drawn from the evidence." *State v. Campbell,* 104 Idaho 705, 718–19, 662 P.2d 1149, 1162–63 (Ct.App.1983). Moreover, on appeal, we view the evidence in the light most favorable to the respondent. *State v. Fenley,* 103 Idaho 199, 204, 646 P.2d 441, 446 (Ct. App.1982).

The state presented the following evidence. Burnham's victim testified that Burnham forced her into his car, threatened her with a steel crowbar, struck her, coerced her to perform fellatio upon him, and then raped her. Pictures taken of the victim shortly after the incident showed substantial bruises and abrasions. A number of the victim's possessions were later found in Burnham's car. Burnham denied forcing the victim into his car or striking her. He testified that the victim willingly performed fellatio upon him and consented to sexual intercourse. He denied any use of force.

The conflicting testimony of Burnham and the victim set up a credibility issue for the jury to resolve. The jury was entitled to believe the victim. This is especially so since her testimony was corroborated by photographs. We hold that there was substantial evidence to find the essential elements of each crime charged.

■ We next consider the sentencing issue. The trial judge imposed concurrent eighteen-year prison terms for the rape and kidnapping convictions, each carrying a six-year minimum period of confinement. The judge imposed a five-year, fully indeterminate prison term for the infamous crime against nature, and a six-month sentence for the assault. These sentences were to run concurrently with the rape and kidnapping sentences.

Our primary focus of review is upon the length of confinement which is reasonably likely to result from the sentences. Here, because all of the sentences are concurrent, the critical factor is the minimum six-year period of confinement under the rape and kidnapping sentences. By focusing on this six-year period of confinement, we do not suggest Burnham will be *entitled* to parole when that time period expires; but we do recognize that he will then be *eligible* for parole.

Because the sentences imposed are within the limits prescribed by statute, we will uphold them unless the record indicates that the trial judge abused his discretion. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). A sentence may represent such an abuse "if it is shown to be unreasonable upon the facts of the case." *State v. Adams,* 106 Idaho 309, 678 P.2d 101 (Ct. App.1984). In *State v. Toohill,* 103 Idaho

565, 568, 650 P.2d 707, 710 (Ct.App.1982), we stated:

> [A] term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case. A sentence of confinement longer than necessary for these purposes is unreasonable.

In this case, the sentencing judge was clearly concerned about two of the factors mentioned in *Toohill*—retribution and deterrence. When he imposed the sentences, he stated:

> I'm not in a position here to simply put you on probation.... The crimes are too serious ... from the standpoint of deterrence.... There is [also] something called retribution ... certainly this is serious, certainly there was violence here....

Having reviewed the full record and having considered the sentencing criteria set forth in *Toohill*, we conclude that the trial judge did not abuse his sentencing discretion.

Accordingly, we affirm the judgment of conviction, including the sentence imposed for each crime.