712 P.2d 664

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Robert GEIER, Defendant-Appellant.**

**No. 15939.**

Court of Appeals of Idaho.

Dec. 10, 1985.

Alan E. Trimming and Amil N. Myshin, Ada County Public Defender's Office, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., A. René Fitzpatrick, Deputy Atty. Gen., for plaintiff-respondent.

WALTERS, Chief Judge.

Pursuant to a plea bargain agreement, Robert Geier pled guilty and was convicted on three counts of omitting material facts in the sale of securities. The district court denied Geier's request for a withheld judgment. Instead, the court entered a judgment of conviction and sentenced Geier to a suspended three-year term with nine years of probation. As conditions of probation, the court ordered Geier to make $42,000 in restitution to the defrauded investors, and to perform 2,500 hours of community service. On appeal, Geier contends the district court abused its discretion by not granting a withheld judgment and by imposing an unreasonable sentence. We affirm.

Geier was charged with sixty-three violations of the Idaho Securities Act. More specifically, he was charged with omitting material facts in the sale of securities, failing to register as a security salesman, and failing to register securities for sale in each transaction which involved the twenty-one investors who were defrauded. I.C. §§ 30–1403, –1406, –1416. Geier agreed to plead guilty to three counts and, in exchange, the state dismissed the remaining charges. The state did not oppose a withheld judgment and recommended that Geier be placed on probation for nine years, pay $42,000 in restitution, and perform 2,500 hours of community service.

Geier argues on appeal that the court's failure to grant a withheld judgment prevents him from becoming employed in the insurance and the security industries because of his felony conviction. He maintains that the sentence precludes him from employment in these career areas and significantly impedes his ability to meet the $568.80 monthly payments required under the restitution plan. Thus, he asserts the sentence is unreasonable and that he

should have been granted a withheld judgment.

The court's authority to enter a judgment of conviction, as opposed to withholding judgment, is well established. Following a defendant's plea of guilty or finding of guilt by the trier of fact, the trial court must prescribe the legal consequences for the committed offense. I.C.R. 33. "[T]he legislature intended the courts to have maximum flexibility to fashion the sentence most appropriate to the individual defendant." *State v. Wagenius*, 99 Idaho 273, 279, 581 P.2d 319, 325 (1978). To that end, Idaho law provides that in certain circumstances, the trial court may commute, suspend, or withhold the execution of the judgment and place the defendant on probation. I.C. § 19–2601. The determination of an appropriate sentence[1] is vested within the sound legal discretion of the trial court. *State v. Beltran*, 109 Idaho 196, 706 P.2d 85 (Ct.App.1985).

Section 19–2601 provides in pertinent part that "the court *in its discretion,* may: ... Withhold judgment on such terms and for such time as it may prescribe and may place the defendant on probation." [Emphasis added.] *See also* I.C.R. 33(d) ("the district court or the magistrates division may ... withhold judgment, and place the defendant upon probation as provided by law and these rules.") Refusal to grant a withheld judgment will not be deemed an abuse of discretion if the trial court has sufficient information to determine that a withheld judgment would be inappropriate. *See State v. Moore*, 93 Idaho 14, 454 P.2d 51 (1969). We will thus examine the information before the district court to determine whether the imposition of judgment and sentence was appropriate.

A sentence within the statutory maximum will not be disturbed on appeal unless an abuse of sentencing discretion is shown. A sentence may represent an abuse of discretion if it is shown to be unreasonable when viewed in light of the facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). A sentence is reasonable, if at the time of sentencing, it is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App.1982). Geier could have been imprisoned for nine years and fined $15,000 upon entry of his guilty plea. I.C. § 30–1443. Thus, the district court's sentence is well within the statutory maximum.

When weighing the facts of a given case, we conduct an independent examination of the record. We focus upon the nature of the offense and the character of the offender. *Beltram,* 109 Idaho at 197, 706 P.2d at 86; *State v. Adams,* 106 Idaho 309, 678 P.2d 101 (Ct.App.1984); *State v. Wolfe,* 99 Idaho 382, 384 n. 1, 582 P.2d 728, 730 n. 1 (1978). While acting as an investment advisor, Geier sought investors to purchase a gold mine and its equipment. Geier was persuaded by a co-defendant that the mining venture would be a highly profitable investment. Investors were told that after contributing $16,000 to the venture, they would receive a monthly income of $3,000 for the next five years, or a return on investment of $180,000. Other information that was provided to the investors included representations that the mine had stockpiled 300 ounces of gold which would be distributed to investors after the $600,000 necessary to purchase the mine had been amassed. The investigation by law enforcement authorities indicated that only twenty-five to thirty ounces of gold had been mined and this gold was sold to fund the continuing operation of the mine. The purchase of the mine was to include machinery and equipment which had a purported value of $1,400,000 and was represented to be free of liens. The investigation revealed that the machinery had not been appraised and was already substantially encumbered.

*State v. Knight,* 106 Idaho 496, 681 P.2d 6 (Ct. App.1984).

---

1. In this instance, "sentence" is synonymous with the final judgment in a criminal case.

At the time of sentencing, Geier was approximately forty-one years old. He did not have a prior criminal record and expressed a strong desire to pay restitution to the defrauded investors. Geier presented evidence that he too had been deceived as to the financial status of the venture and had not intentionally defrauded any investors. However, the Idaho Department of Finance noted in its response to the presentence investigation that Geier was formerly licensed to sell securities and was certainly aware of "due diligence" standards generally applicable to the sales of securities. The Department believed that Geier was "reckless and grossly negligent" in failing to adequately investigate the reliability of this financial venture. Geier testified that he was currently residing in Denver and was employed in two different jobs. He "conservatively" estimated his annual income from these two jobs as $25,000 to $40,000. He requested that the initial restitution payments be reduced to $200 per month until he completed his start-up training. The court granted the request.

■ In passing sentence, the district court remarked that Geier did not exhibit an intent to defraud the investors, but possessed enough experience that he should have been suspicious of the mining venture. The court informed Geier that the plea bargain agreement was not binding on the court and that the court retained the authority to assess the maximum penalty if appropriate. *State v. Cleverly*, 101 Idaho 596, 618 P.2d 774 (1980); I.C.R. 11(c)(5). The court commented on the need to deter other persons who might engage in this activity and observed that the public interest would best be served in this case by requiring Geier to make restitution. The court advised Geier that it would not grant a withheld judgment because the sentence had been suspended and "it would not be wise for the interests of the public to have you back in the security-advising field." Further, I.C.R. 33(d) provides that restitution and participation in community service are useful conditions of probation. *See State v. Wagenius*, 99 Idaho at 279–80, 581

P.2d at 325–26. The court's comments reflect an appropriate concern about both the offense and the offender. The court noted that the public interest and need for imposing an appropriate penalty for wrongful conduct, "is satisfied by a restitution sentence." It is clear from the court's comments that the judge considered the sentencing objectives of deterrence and restitution. We hold that the district court had sufficient information to conclude that a withheld judgment would be inappropriate in this case. We find no clear abuse of discretion.

Based on our examination, we hold that the district court did not abuse its sentencing discretion by failing to grant a withheld judgment. The probationary sentence which includes restitution is reasonable in this case. Accordingly, the sentence imposed by the district court is affirmed.

SWANSTROM, J., concurs.

BURNETT, Judge, specially concurring.

I join in the Court's opinion but I write separately to note an apparent conflict between two statutes governing probation, I.C. §§ 19–2601(7) and 20–222. Idaho Code § 19–2601 authorizes a court to place a defendant on probation when "execution of the judgment" has been suspended under I.C. § 19–2601(2), or when judgment has been withheld pursuant to I.C. § 19–2601(3). When the crime is a felony, I.C. § 19–2601(5) requires probation to be administered by the Board of Correction unless the court otherwise directs. Idaho Code § 19–2601(7) provides that the term of probation in a felony case "may be for a period not more than the maximum period for which the defendant might have been imprisoned." In contrast, I.C. § 20–222, part of a statutory scheme relating to the Board of Correction, provides that a "period of probation or suspension of sentence ... shall not exceed five (5) years, except in cases in which the defendant is charged with failure to provide subsistence to his dependents."

In the present case, the district court entered a judgment of conviction, suspend-

ed a sentence of "three years," and placed the defendant on probation for a single period of "nine years" under the administration of the Board of Correction. The nine-year term apparently was designed to accommodate the time needed for payment of restitution. Nine years of probation are permissible under I.C. § 19–2601(7) because the defendant "might have been imprisoned" for consecutive terms of three years each on the three counts to which he pled guilty. *See* I.C. § 30–1443. But a nine-year term conflicts with the five-year maximum specified in I.C. § 20–222.

This conflict arguably would not exist where a court withholds judgment rather than entering judgment and suspending the sentence. Idaho Code § 19–2601 embraces both alternatives, while I.C. § 20–222 contains no mention of withheld judgments. However, the judge in this case chose to enter a judgment and to suspend the sentence, thus framing a potential issue of statutory conflict.

Because the issue has not been raised on appeal, it would be inappropriate for our Court, *sua sponte*, to undertake a reconciliation of the statutes or, if they cannot be reconciled, to declare which of them is controlling. However, to prevent uncertainty in future cases, I urge our Legislature, at its next session, to examine this apparent conflict and to consider enacting a unified statute on probation.