999 P.2d 255

STATE of Idaho, Plaintiff-Respondent,

v.

Teddy Lynn EDGHILL, Defendant-Appellant.

No. 25292.

Court of Appeals of Idaho.

April 10, 2000.

Rehearing Denied April 27, 2000.

Kent V. Reynolds, Pocatello, for appellant.

Hon. Alan G. Lance, Attorney General; Rebekah A. Cude, Deputy Attorney General, Boise, for respondent.

PERRY, Chief Judge.

Teddy Lynn Edghill appeals from the orders of the district court denying his I.C.R. 35 motion. For the reasons set forth below, we affirm.

## II.

### BACKGROUND

On September 17, 1997, Edghill was driving a jeep. Several children were riding on the front bumper of the vehicle. At one point, Edghill required that the children get inside the jeep and drove to a store. Upon returning from the store, Edghill stopped the jeep and allowed the children to get out and again ride on the front bumper. Tyler Corbett, who was six years old, was one of the children who was riding on the front bumper.

Tyler either jumped or fell off the front bumper. Edghill ran over Tyler with the jeep. Tyler died a short time later from the injuries sustained in the accident. Edghill was charged with vehicular manslaughter. I.C. § 18–4006(3)(a). He pled guilty and was sentenced to a unified six-year term of incarceration, with three years fixed. The district court also suspended Edghill's driver's license for life. The district court retained jurisdiction and, at the expiration of the retained jurisdiction period, suspended execution of Edghill's sentence and placed him on four years' probation. However, the lifetime driver's license suspension remained in effect.

On September 11, 1998, Edghill filed an I.C.R. 35 motion, contending that the lifetime suspension of his driver's license was illegal. Edghill also requested leniency in his sentence, seeking a withheld judgment. On September 24, following a hearing on Edghill's motion, the district court entered an order denying the request for a withheld judgment. However, the district court took Edghill's motion, insofar as it pertained to the legality of the lifetime suspension of his driver's license, under advisement. On December 22, 1998, the district court issued a separate order finding that the lifetime suspension of Edghill's driver's license was not an illegal sentence.[1] Edghill appeals.

## II.

### ANALYSIS

#### A. Withheld Judgment

We first address Edghill's appeal from the district court's denial of his Rule 35 motion as it pertained to a request for a withheld judgment. An order denying a motion for reduction of a sentence under Rule 35 is reviewed for an abuse of discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well-established. *See State v. Hernandez,* 121 Idaho 114, 822 P.2d 1011 (Ct.App.1991); *State v. Lopez,* 106 Idaho 447, 680 P.2d 869 (Ct.App.1984); *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct. App.1982).

After a person has been convicted of a crime, a district court may, in its discretion, withhold judgment. I.C. § 19–2601(3); *State v. Trejo,* 132 Idaho 872, 880, 979 P.2d 1230, 1238 (Ct.App.1999). "Refusal to grant a withheld judgment will not be deemed an abuse of discretion if the trial court has sufficient information to determine that a withheld judgment would be inappropriate." *State v. Geier,* 109 Idaho 963, 965, 712 P.2d 664, 666 (Ct.App.1985). Edghill requested a withheld judgment at sentencing. At that time, in addition to a presentence investigation report, the district court had before it

---

1. In this order, the district court also stated that it would consider a petition to allow Edghill to apply for a driver's license after the expiration of ten years from the date of the original judgment. Neither party has raised an issue as to whether the district court would have jurisdiction to entertain such a petition. Thus, we take no position on that issue in this case.

the report of a psychological assessment performed on Edghill. In addition to these documents, the district court also carefully and thoroughly considered the goals of sentencing when it initially denied Edghill's request for a withheld judgment. Based on the record before this Court, we conclude that the district court's denial of Edghill's request for a withheld judgment, at the time of sentencing, was not an abuse of discretion.

Subsequently, Edghill again requested a withheld judgment during the hearing on his Rule 35 motion. If the sentence is not excessive when pronounced, the defendant must show that it is excessive in view of new or additional information presented with the motion for reduction. If the defendant fails to make this showing, we cannot say that denial of the motion by the district court represents an abuse of discretion. *State v. Hernandez*, 121 Idaho 114, 822 P.2d 1011 (Ct.App.1991). Edghill failed to provide any new or additional information in support of his request for a withheld judgment other than that which had been submitted at sentencing. We have already determined that the district court did not err when it refused to grant a withheld judgment when the sentence was originally pronounced, and nothing new or additional was provided in connection with the Rule 35 motion. Therefore, we hold that the district court did not abuse its discretion in denying Edghill's request for a withheld judgment in his Rule 35 motion.

**B. License Suspension**

Edghill argues that a lifetime suspension of his driver's license, pursuant to I.C. § 18–4007(3)(d), is an illegal sentence.[2] Edghill's appeal requires us to interpret a statute—a question of law over which we exercise free review. *State v. Martinez*, 126 Idaho 801, 803, 891 P.2d 1061, 1063 (Ct.App. 1995). The interpretation of a statute begins with an examination of its literal words. *State v. Watts*, 131 Idaho 782, 784, 963 P.2d 1219, 1221 (Ct.App.1998). Generally, words and phrases are construed according to the context and the approved usage of the language. I.C. § 73–113; *State v. Baer*, 132 Idaho 416, 417–18, 973 P.2d 768, 769–70 (Ct. App.1999). When a statute is clear and unambiguous, it must be interpreted in accordance with its language, courts must follow it as enacted and a reviewing court may not apply rules of construction. *State v. Wiedmeier*, 121 Idaho 189, 191, 824 P.2d 120, 122 (1992); *State v. Schumacher*, 131 Idaho 484, 485, 959 P.2d 465, 466 (Ct.App.1998).

This is a case of first impression. The statute at issue is I.C. § 18–4007(3), which states in pertinent part:

3. Vehicular [Manslaughter]—in the operation of a motor vehicle:

(a) For a violation of section 18–4006 3.(a) or (b), Idaho Code, by a fine of not more than ten thousand dollars ($10,000), or by a sentence to the custody of the state board of correction not exceeding ten (10) years, or by both such fine and imprisonment.

. . .

(d) *In addition to the foregoing,* the driver's license of any person convicted of a violation of section 18–4006 3., Idaho Code, may be suspended *for a time determined by the court.*

(Emphasis added.).

When I.C. § 18–4007 was first enacted, it contained no provision permitting a district court to suspend the driver's license of a person convicted of vehicular manslaughter. *See* 1983 Idaho Extraordinary Sess. Laws Ch. 3 at 22. *See also State v. Howard*, 122 Idaho 9, 830 P.2d 520 (1992). In 1997, I.C. § 18–4007 was amended to permit a district court, in addition to the imposition of a fine and/or a term of imprisonment, to revoke the defendant's driver's license after a conviction for vehicular manslaughter. *See* 1997 Idaho Sess. Laws Ch. 311 at 922. The amendment contained no express limitation on the period for which a defendant's driver's license could be revoked. *See* I.C. § 18–4007(3)(d); 1997 Idaho Sess. Laws Ch. 311 at 922.

Edghill argues that, although the district court has discretion in determining the

---

**2.** Edghill does not contend that the lifetime suspension of his license was an abuse of the district court's sentencing discretion. Thus, we take no position on that issue in this particular case.

period of time during which a driver's license may be suspended, the district court's discretion is not unbridled. He asserts that, when the statute is read as a whole, the maximum period that a district court may suspend a driver's license, pursuant to I.C. § 18–4007(3)(d), is ten years. However, by its clear and unambiguous language, the statute does not impose a limitation on the period of time for which a district court may suspend a driver's license after a defendant is convicted of vehicular manslaughter.[3] Thus, this court will not apply any further rules of statutory construction. Therefore, that portion of Edghill's sentence suspending his driver's license for life is not illegal.

### III.

### CONCLUSION

We hold that the district court did not abuse its discretion when it denied Edghill's Rule 35 motion insofar as it pertained to Edghill's request for a withheld judgment. We also hold that a lifetime driver's license suspension pursuant to I.C. § 18–4007(3)(d) is not an illegal sentence. Therefore, the orders of the district court, denying Edghill's Rule 35 motion, are affirmed.

Judge LANSING, concurs.

Judge SCHWARTZMAN, concurs in part and dissents in part.

I respectfully dissent with Part II B. of the Court's decision effectively holding that I.C. § 18–4007(3)(d) authorizes a *lifetime suspension* of all driving privileges. In my opinion, such a draconian penalty requires explicit legislative authorization over and above the more benign language of "for a time determined by the court." Simple principles of "lenity" in construing criminal statutory language would dictate such a result.

Moreover, the Court's interpretation converts a "suspension" into a lifetime "revocation." *See and compare* I.C. §§ 49–325, – 326. The word "suspension" connotes an interruption, postponement, or temporary discontinuance, but with an expectation of resumption. *See* BLACK'S LAW DICTIONARY, 1446–1447 (6th ed.1990) (defining suspend and suspension). I agree with defendant's position that the maximum period of *suspension* authorized under the statute would be ten years, which is the maximum period of incarceration authorized by law for vehicular manslaughter.

---

3. As noted by the state, when the legislature has so intended, it has clearly stated such a limitation on a district court's discretion. *See, e.g.,* I.C. §§ 18–8001(3)(c) (six months for first conviction of driving without privileges); –8001(5)(c) (two years for more than two DWP convictions within five years); –8002(4)(b) (one hundred eighty days for first refusal, and one year for second refusal within five years, to submit to evidentiary testing for concentration of alcohol, or the presence of drugs or other intoxicating substances). *See also* I.C. §§ 18–8002A(4)(a); –8004A; –8005; and – 8006(1)(d).