**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38970**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 472 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 11, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DAKODA RICHARD STEVENS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Carl B. Kerrick, District Judge.

Judgment of conviction and suspended unified sentence of ten years, with a minimum period of confinement of three years, for possession of sexually exploitative material for other than a commercial purpose, affirmed; order denying Idaho Criminal Rule 35 motion for reduction of sentence, affirmed.

Danny J. Radakovich, Lewiston, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before LANSING, Judge; GUTIERREZ, Judge;
and MELANSON, Judge

---

PER CURIAM

Dakoda Richard Stevens pled guilty to possession of sexually exploitative material for other than a commercial purpose. Idaho Code §§ 18-1507, 18-1507A. The district court sentenced Stevens to a unified term of ten years, with three years determinate, but suspended the sentence and placed Stevens on probation. Stevens filed an Idaho Criminal Rule 35 motion, which the district court denied. Stevens now appeals, contending the district court abused its discretion in denying Steven's request for a withheld judgment, the sentence is excessive, and district court erred in denying his Rule 35 motion.

1

After a person has been convicted of a crime, a district court may, in its discretion, withhold judgment. I.C. § 19-2601(3); *State v. Trejo*, 132 Idaho 872, 880, 979 P.2d 1230, 1238 (Ct. App. 1999). Refusal to grant a withheld judgment will not be deemed an abuse of discretion if the trial court has sufficient information to determine that a withheld judgment would be inappropriate. *State v. Edghill*, 134 Idaho 218, 219, 999 P.2d 255, 256 (Ct. App. 2000); *State v. Geier*, 109 Idaho 963, 965, 712 P.2d 662, 666 (Ct. App. 1985). At the time of sentencing, the district court had before it the presentence report, psychosexual evaluation, and testimony from Stevens' clinical psychologist. Based on the record, the district court's denial of Stevens' request for a withheld judgment was not an abuse of discretion. *See Edghill*, 134 Idaho at 220, 999 P.2d at 257.

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Stevens' Rule 35 motion. A motion for reduction of sentence under Idaho Criminal Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). An appeal from the denial of a Rule 35 motion cannot be used as a vehicle to review the underlying sentence absent the presentation of new information. *Id.* In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Upon review of the record, we conclude no abuse of discretion has been shown.

Therefore, Stevens' judgment of conviction and sentence, and the district court's order denying Stevens' Rule 35 motion, are affirmed.