IN THE COURT OF APPEALS OF THE STATE OF IDAHO

Docket No. 39098

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 780 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 31, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DAVID KYLE THUESON, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Jon J. Shindurling, District Judge.

Judgment of conviction and suspended sentences of a unified term of three years, with a minimum period of confinement of one year, for manufacturing a controlled substance and a consecutive unified term of three years, with a minimum period of confinement of one year, for possession of a controlled substance, affirmed.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and MELANSON, Judge

_____

PER CURIAM

David Kyle Thueson pled guilty to an amended charge of manufacturing a controlled substance, I.C. § 37-2732(a)(1)(B), and possession of a controlled substance-marijuana, I.C. § 37-2732(e). The district court sentenced Thueson to a unified term of three years, with a minimum period of confinement of one year, for manufacturing a controlled substance and a consecutive unified term of three years, with a minimum period of confinement of one year, for possession of a controlled substance. The district court suspended execution of the sentences and placed Thueson on probation for two consecutive periods of five years each. Thueson

1

appeals, asserting the district court erred in refusing to grant him a withheld judgment and that his sentences are excessive.

Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well-established. *See State v. Hernandez*, 121 Idaho 114, 822 P.2d 1011 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 680 P.2d 869 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

After a person has been convicted of a crime, a district court may, in its discretion, withhold judgment. I.C. § 19-2601(3); *State v. Trejo*, 132 Idaho 872, 880, 979 P.2d 1230, 1238 (Ct. App. 1999). Refusal to grant a withheld judgment will not be deemed an abuse of discretion if the trial court has sufficient information to determine that a withheld judgment would be inappropriate. *State v. Edghill*, 134 Idaho 218, 219, 999 P.2d 255, 256 (Ct. App. 2000); *State v. Geier*, 109 Idaho 963, 965, 712 P.2d 664, 666 (Ct. App. 1985).

Thueson requested a withheld judgment at sentencing. The district court carefully and thoroughly considered the goals of sentencing when it denied Thueson's request for a withheld judgment. Based on the record before this Court, we conclude that the district court's denial of Thueson's request for a withheld judgment, at the time of sentencing, was not an abuse of discretion.

Applying these sentencing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in denying Thueson's request for a withheld judgment or in imposing probation with underlying consecutive unified sentences of three years, with minimum periods of confinement of one year. Therefore, Thueson's judgment of conviction and sentences are affirmed.