**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43794**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 578 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: June 22, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MARK BRADFORD COOPER, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Judgment of conviction and unified sentence of six years, with a minimum period of confinement of two years, for aggravated battery, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

———————————————

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

———————————————

PER CURIAM

Mark Bradford Cooper pled guilty to aggravated battery. I.C. §§ 18-903(a) and 18-907(1)(a). in exchange for his guilty plea, an additional charge was dismissed. The district court sentenced Cooper to a unified term of six years, with a minimum period of confinement of two years. Cooper appeals, arguing the district court erred by not granting Cooper a withheld judgment and probation and that his sentence is excessive.

After a person has been convicted of a crime, a district court may, in its discretion, withhold judgment. I.C. § 19-2601(3); *State v. Trejo*, 132 Idaho 872, 880, 979 P.2d 1230, 1238

(Ct. App. 1999). The refusal to grant a withheld judgment will not be deemed an abuse of discretion if the trial court has sufficient information to determine that a withheld judgment would be inappropriate. *State v. Edghill*, 134 Idaho 218, 219, 999 P.2d 255, 256 (Ct. App. 2000). Factors which bear on the imposition of sentence also apply in review of the discretionary decision to withhold judgment. *State v. Geier*, 109 Idaho 963, 965, 712 P.2d 664, 666 (Ct. App. 1985). The denial of a withheld judgment may be justified by the nature of the crime. *Trejo*, 132 Idaho at 880, 979 P.2d at 1238. Probation is a matter left to the sound discretion of the court. I.C. § 19-2601(3); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002).

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

At sentencing, the district court had before it the presentence investigation report. In addition, the district court also considered the goals of sentencing when it denied Cooper's request for a withheld judgment and probation and imposing Cooper's sentence. Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Cooper's judgment of conviction and sentence are affirmed.