# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50159

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: July 27, 2023** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| DANIEL FARREL BLACK, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Clark County. Hon. Dane H. Watkins, Jr., District Judge.

Judgment of conviction and suspended, unified sentence of four years, with a minimum period of confinement of one year, for grand theft, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Daniel Farrel Black pled guilty to grand theft. I.C. § 18-2403(1). In exchange for his guilty plea, additional charges were dismissed. The district court sentenced Black to a unified term of four years, with a minimum period of confinement of one year, but suspended the sentence and placed him on probation for three and one-half years. Black appeals, arguing that the district court erred in not granting his request for a withheld judgment and that his term of probation is excessive.

After a person has been convicted of a crime, a district court may, in its discretion, withhold judgment. I.C. § 19-2601(3); *State v. Trejo*, 132 Idaho 872, 880, 979 P.2d 1230, 1238 (Ct. App.

1999). The refusal to grant a withheld judgment will not be deemed an abuse of discretion if the trial court has sufficient information to determine that a withheld judgment would be inappropriate. *State v. Edghill*, 134 Idaho 218, 219, 999 P.2d 255, 256 (Ct. App. 2000). Factors which bear on the imposition of sentence also apply in review of the discretionary decision to withhold judgment. *State v. Geier*, 109 Idaho 963, 965, 712 P.2d 664, 666 (Ct. App. 1985). The denial of a withheld judgment may be justified by the nature of the crime. *Trejo*, 132 Idaho at 880, 979 P.2d at 1238. Probation is a matter left to the sound discretion of the court. I.C. § 19-2601(3); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002).

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Black's judgment of conviction and sentence are affirmed.