# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51653

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: March 11, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JACOB MELVIN MCCOWAN, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Susie D. Jensen, District Judge. Hon. Tera A. Harden, Magistrate.

Decision of the district court, on intermediate appeal from the magistrate court, affirming judgment of conviction and consecutive sentences of 180 days for ten counts of misdemeanor cruelty to animals and order denying I.C.R. 35 motion for reduction of sentences, <u>affirmed</u>;

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

_____

PER CURIAM

Jacob Melvin McCowan pled guilty to ten counts of misdemeanor cruelty to animals. I.C. § 25-3504. In exchange for his guilty plea, additional charges were dismissed. The magistrate court sentenced McCowan to consecutive terms of 180 days for each count. The district court suspended 105 days for each count and placed McCowan on probation. McCowan filed an I.C.R. 35 motion for reduction of sentences, which the magistrate court denied. McCowan appealed to the district court (arguing that the magistrate court should have withheld judgment,

1

that his sentences are excessive, and that the district court erred in denying his Rule 35 motion for reduction of his sentences) and the district court affirmed. McCowan again appeals.

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate court, we review the record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefor, and either affirm or reverse the district court.

McCowan argues that his sentences are excessive and that he should have been granted a withheld judgment. Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

After a person has been convicted of a crime, a district court may, in its discretion, withhold judgment. I.C. § 19-2601(3); *State v. Edghill*, 134 Idaho 218, 219, 999 P.2d 255, 256 (Ct. App. 2000); *State v. Trejo*, 132 Idaho 872, 880, 979 P.2d 1230, 1238 (Ct. App. 1999). Refusal to grant a withheld judgment will not be deemed an abuse of discretion if the trial court has sufficient information to determine that a withheld judgment would be inappropriate. *State v. Geier*, 109 Idaho 963, 965, 712 P.2d 664, 666 (Ct. App. 1985). Applying these standards, and having reviewed the record in this case, we cannot say that the magistrate court abused its discretion in sentencing McCowan or in not withholding judgment.

Next, we review whether the magistrate court erred in denying McCowan's Rule 35 motion. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with McCowan's Rule 35 motion, we conclude no abuse of discretion has been shown.

McCowan has failed to show that the magistrate court abused its discretion. Therefore, the decision of the district court, on intermediate appeal from the magistrate court affirming McCowan's judgment of conviction and sentences and the order denying McCowan's Rule 35 motion, is affirmed.