**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52052**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed:  October 2, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| ALEXANDRIA ASHLAND | ) **OPINION AND SHALL NOT** |
| HOLLINGSWORTH, | ) **BE CITED AS AUTHORITY** |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County.  Hon. Javier Gabiola, District Judge.

Judgment of conviction and concurrent unified sentences of ten years, with a minimum period of incarceration of five years, for two counts of felony injury to a child, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kierra W. Mai, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and TRIBE, Judge

---

PER CURIAM

Alexandria Ashland Hollingsworth entered an A*lford*[1] plea to two counts of felony injury to a child, Idaho Code § 18-1501(1).  In this case, Hollingsworth agreed to plead guilty to two counts of felony injury to a child in exchange for a binding sentencing recommendation and the dismissal of other charges.  The agreed upon sentence was a term of probation with an underlying unified sentence of ten years, with a minimum period of incarceration of five years, on each count

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

to run concurrently, with the length of probation left to the discretion of the district court. Hollingsworth also agreed to undergo a psychosexual evaluation, as some of the dismissed charges involved allegations of sexual abuse, although the plea agreement acknowledged that the charges pled to were not sexually based. At sentencing, Hollingsworth asked for a withheld judgment and four years of probation. The State asked that if a withheld judgment was granted, that Hollingsworth be placed on probation for eight years. The district court declined to grant a withheld judgment, citing the need to protect society, and for each count, imposed a unified sentence of ten years, with a minimum period of incarceration of five years, to be served concurrently. The district court suspended the sentences and placed Hollingsworth on a term of probation which included sex offender terms and participation in polygraphs. Hollingsworth appeals, contending that her sentence is excessive. Specifically, Hollingsworth contends the district court abused its discretion by declining to grant Hollingsworth a withheld judgment and imposing additional terms of probation consistent with a sex offense.

Hollingsworth argues that the district court's prioritization of protecting the public as reasoning for refusing to withhold judgment is contrary to the applicable law as that goal is accomplished by imposition of sentence and not the decision of whether to withhold judgement. Hollingsworth also argues that the district court did not exercise reason in refusing to withhold judgment as the facts suggest that she was an appropriate candidate for a withheld judgment. Hollingsworth also argues that because the explicit terms of the plea agreement made clear she was pleading guilty to crimes that were not sexually related, the district court's imposition of terms of probation that required Hollingworth to abide by terms of Idaho Department of Correction's sex offender probation was error. In addition, Hollingsworth contends that the requirement that she participate in polygraphs as a term of probation represents an abuse of the district court's discretion.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could

2

reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

After a person has been convicted of a crime, a district court may, in its discretion, withhold judgment. I.C. § 19-2601(3); *State v. Trejo*, 132 Idaho 872, 880, 979 P.2d 1230, 1238 (Ct. App. 1999). The refusal to grant a withheld judgment will not be deemed an abuse of discretion if the trial court has sufficient information to determine that a withheld judgment would be inappropriate. *State v. Edghill*, 134 Idaho 218, 219, 999 P.2d 255, 256 (Ct. App. 2000). Factors which bear on the imposition of sentence also apply in review of the discretionary decision to withhold judgment. *State v. Geier*, 109 Idaho 963, 965, 712 P.2d 664, 666 (Ct. App. 1985).

The record supports the district court's decision. Therefore, applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Hollingsworth's judgment of conviction and sentences are affirmed.