# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52663

|  |  |
|---|---|
| STATE OF IDAHO,<br><br>      Plaintiff-Respondent,<br><br>v.<br><br>JENNIFER LEIGH CHASTAIN,<br><br>      Defendant-Appellant. | )<br>)  **Filed: February 12, 2026**<br>)<br>)  **Melanie Gagnepain, Clerk**<br>)<br>)  **THIS IS AN UNPUBLISHED**<br>)  **OPINION AND SHALL NOT**<br>)  **BE CITED AS AUTHORITY**<br>)<br>) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick Miller, District Judge.

Judgment of conviction and concurrent, unified sentences of five years, with a minimum period of confinement of two years, for destruction of evidence and conspiracy to intimidate, impede, influence, or prevent the attendance of a witness, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before TRIBE, Chief Judge; GRATTON, Judge;
and LORELLO, Judge

_____

PER CURIAM

Jennifer Leigh Chastain was found guilty of destruction of evidence, Idaho Code § 18-2603; and conspiracy to intimidate, impede, influence, or prevent the attendance of a witness, I.C. §§ 18-2604, 18-1701. The district court imposed a concurrent sentence of five years with two years determinate on each count and suspended the sentences and placed Chastain on probation for a period of five years. Chastain appeals, contending that the district court abused its discretion by imposing an excessive sentence and failing to withhold judgment.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).

After a person has been convicted of a crime, a district court may, in its discretion, withhold judgment. I.C. § 19-2601(3); *State v. Edghill*, 134 Idaho 218, 219, 999 P.2d 255, 256 (Ct. App. 2000); *State v. Trejo*, 132 Idaho 872, 880, 979 P.2d 1230, 1238 (Ct. App. 1999). Refusal to grant a withheld judgment will not be deemed an abuse of discretion if the trial court has sufficient information to determine that a withheld judgment would be inappropriate. *State v. Geier*, 109 Idaho 963, 965, 712 P.2d 664, 666 (Ct. App. 1985).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Chastain's judgment of conviction and sentences are affirmed.