**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51762**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: May 14, 2026** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JAVONNA KADIJAH RETTEW, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. R. Barry Wood, District Judge.

Judgment of conviction and suspended, unified sentence of four years, with a minimum period of confinement of two years, for battery on a law enforcement officer, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Javonna Kadijah Rettew appeals from her judgment of conviction and suspended, unified sentence of four years, with a minimum period of confinement of two years, for battery on a law enforcement officer. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Officers responded to an incident in which a vehicle had been driven off the road and into a light pole. When officers arrived, Rettew was in the driver's seat, the keys were in the ignition, and the vehicle was still in drive. Rettew appeared unconscious to the officers but was mumbling under her breath in response to some of their questions. The officers smelled alcohol coming from Rettew's breath and saw an open container of alcohol under the driver's seat and another in the

1

center console cupholder. Rettew was transported to the hospital by ambulance. During that time, officers obtained a warrant for a blood sample from Rettew. When officers arrived at the hospital to execute the blood draw warrant, Rettew did not want the officers to touch her and refused to be touched by any non-hospital personnel. Rettew attempted to leave the hospital bed but complied when she was told to sit down. When officers attempted to perform the blood draw, she kicked at them. The officers then handcuffed Rettew to the hospital bed. While one officer found leg restraints, another officer continued to restrain Rettew while she kicked him. After Rettew was placed in leg restraints, the officers were able to perform the blood draw. The officers placed Rettew under arrest for battery on a law enforcement officer and issued citations for resisting and obstructing arrest, driving with an open container, driving under the influence, and failure to provide vehicle insurance. Rettew was charged with felony battery on a law enforcement officer (I.C. § 18-915), and the district court consolidated the case with the citations.

Pursuant to a plea agreement, Rettew agreed to plead guilty to felony battery on a law enforcement officer, in exchange for dismissal of all other charges and the State's recommendation of probation and a withheld judgment. The plea agreement, entered on March 23, 2022, stated that Rettew "agree[d] to appear in Court at all times when so required. A failure by [Rettew] to appear in Court violates this agreement." Rettew failed to appear at her pretrial conference and the State advised her that it was no longer bound by the plea agreement. On May 18, 2023, Rettew entered into a second plea agreement with the State. The second plea agreement was the same as the first, except the language from the previous agreement--that failing to appear in court violated the agreement--was omitted.

At sentencing, the State claimed it was not bound to recommend a withheld judgment because Rettew failed to appear at her pretrial conference. The district court imposed a unified sentence of four years, with a minimum period of confinement of two years; suspended the sentence; and placed Rettew on three years of supervised probation. Rettew appeals.

## II.

## ANALYSIS

On appeal, Rettew argues that the State breached the second plea agreement by failing to recommend a withheld judgment. Rettew also contends the district court abused its discretion in imposing her sentence. In response, the State asserts that Rettew did not preserve her breach of

2

plea agreement claim for appeal but concedes that she has shown error in the State's failure to comply with the second plea agreement. However, the State contends Rettew has failed to show the error was not harmless. Finally, the State argues Rettew has failed to show the district court abused its sentencing discretion.

## A.     Plea Agreement

Rettew asserts the State breached the plea agreement by not recommending a withheld judgment. Rettew argues her failure to appear that the State claims relieved it of its obligation under the plea agreement occurred in relation to the first plea agreement and that the second plea agreement did not include a provision requiring her attendance at all court proceedings. Rettew contends that signing the second plea agreement rendered the first plea agreement void. The State agrees that it breached the second plea agreement but asserts that Rettew did not object at sentencing and thus has failed to preserve the argument. Under this theory, the State argues that Rettew cannot show that any constitutional violation she suffered as a result of the breach was not harmless. Rettew contends that her breach of plea agreement claim is preserved because, although she did not "explicitly object," the district court inquired of her position and she responded that "there was a Plea Agreement that was signed by the State." Ultimately, we need not resolve the preservation issue because, whether analyzed as an objected-to error or as fundamental error, Rettew is not entitled to relief.

The operative plea agreement, i.e., the second plea agreement, included a provision that the district court was "not bound nor obligated to follow the State's recommendation and that additional conditions or penalties may be imposed." In other words, the plea agreement was not binding. As a result, the district court stated: "in the exercise of discretion and looking at the criminal record that exists, I would not grant a withheld judgment whether there's this Plea Agreement or not or whether there actually is grounds for the State to abandon the Plea Agreement." Because the district court was not bound by the plea agreement and explained that it would not follow the recommended sentence described in either plea agreement, Rettew has failed to establish she is entitled to relief based on her breach of plea agreement claim.

## B.     Sentence

Rettew next argues that her sentence is excessive and that the district court abused its discretion in declining to withhold judgment. Sentencing is a matter for the trial court's discretion.

3

Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

One sentencing option is a withheld judgment. I.C. § 19-2601(3); *State v. Edghill*, 134 Idaho 218, 219, 999 P.2d 255, 256 (Ct. App. 2000); *State v. Trejo*, 132 Idaho 872, 880, 979 P.2d 1230, 1238 (Ct. App. 1999). Refusal to grant a withheld judgment will not be deemed an abuse of discretion if the trial court has sufficient information to determine that a withheld judgment would be inappropriate. *State v. Geier*, 109 Idaho 963, 965, 712 P.2d 664, 666 (Ct. App. 1985).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its sentencing discretion.

### III.
### CONCLUSION

Rettew has failed to show the district court erred in declining to follow the non-binding plea agreement or that her sentence is excessive. Accordingly, Rettew's judgment of conviction and sentence for battery on a law enforcement officer is affirmed.

Judge HUSKEY and Judge Pro Tem MELANSON, **CONCUR**.